UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 10-103-KSF

LINK-BELT CONSTRUCTION
EQUIPMENT COMPANY, L.P., LLLP                                    PLAINTIFF

v.                          **OPINION & ORDER**

ROAD MACHINERY & SUPPLIES CO.                                    DEFENDANTS

\* \* \* \* \* \* \* \* \* \* \*

Currently before the Court is the defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue or, in the alternative, to transfer venue to the United States District Court for the District of Minnesota pursuant to 28 U.S.C. §1404(a). The motion is fully briefed and is ripe for review.

Road Machinery & Supplies Co. ("RMS") has been a dealer of Link-Belt Construction Equipment Company, L.P., LLLP ("Link-Belt") cranes since 1959. Over the course of this business relationship, the parties have had various distributor agreements. The most recent distributor agreement is dated August 14, 2006, and was amended on March 12, 2007 (the "Distributor Agreement"). The Distributor Agreement expired on December 31, 2007, but the parties continued operating under its terms after that date. The Distributor Agreement provided that any action or suit regarding the agreement or the parties' relationship "shall be brought in a court of record in the county of Fayette or in the United States District Court for the Eastern District of Kentucky, and the parties hereby consent to the venue and jurisdiction of such courts." On February 15, 2010, Link-

Belt sent RMS a Notice of Termination of Distributor Agreement informing RMS that it would be terminated as of June 1, 2010, if RMS did not meet certain requirements. RMS sent Link-Belt a letter requesting that Link-Belt rescind the termination notice and threatening litigation. Link-Belt filed this action for declaratory judgment seeking a determination that it had the right to terminate the Distributor Agreement. RMS subsequently filed an action against Link-Belt in the District of Minnesota.

RMS filed this motion to dismiss arguing that venue is improper. In the alternative, RMS asks for the Court to transfer the action to the District of Minnesota pursuant to 28 U.S.C. 1404(a). Link-Belt contends that RMS waived its right to challenge venue by agreeing to the forum selection clause in the Distributor Agreement. Even if the right to challenge was not waived, Link-Belt contends that venue is proper because its principal place of business is in Lexington, Kentucky and many of the actions regarding the Distributor Agreement were taken in Kentucky. Further, Link-Belt argues that transfer is not appropriate because the balance does not weigh in favor of transfer.

**1.    Motion to Dismiss for Improper Venue**

RMS moves the Court to dismiss this action for improper venue. In support, RMS states that it is a Minnesota corporation with a principal place of business in Savage, Minnesota, almost all of the events in connection with this action occurred in Minnesota and the applicable law is that of Minnesota. The Court finds that RMS made itself subject to personal jurisdiction of this Court by virtue of the forum selection clause. Therefore, by operation of 28 U.S.C. § 1391(a), venue is appropriate and the motion to dismiss should be denied.

Section 1391(a) provides that venue is proper in a judicial district: (1) where a defendant resides; (2) in which a substantial part of the events or omissions giving rise to the claim occurred

or a substantial part of property that is subject of the action is situated; or (3) in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(a). Courts generally enforce the parties' contractual choice of forum and governing law. *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 541 (6th Cir. 2007). The Supreme Court held that, in light of present-day commercial realities, a forum selection clause in a commercial contract should control, absent a strong showing that it should be set aside. *M/S Brenan v. Zapata Off-Shore Co.*, 507 U.S. 1, 15 (1972). "The party opposing the forum-selection clause bears the burden of showing that the clause should not be enforced." *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009). The Sixth Circuit has applied the following factors when determining the validity of a particular forum selection clause: (1) whether the clause was obtained by fraud, duress or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the party to face suit there would be unjust. *Id.* at 828.

RMS and Link-Belt are sophisticated parties and there is no evidence to suggest that RMS was coerced into signing an adhesion contract or that it was not on equal bargaining footing with Link-Belt when they made the agreement. In its Reply, RMS argues that it was not on equal footing with Link-Belt but it is hard to believe that a more than 50-year relationship could be so unfair and RMS offers no substantial proof that its contention is true. With regard to the third factor, more than mere inconvenience is required; instead it must appear that enforcement would be so inconvenient that it would be unjust or unreasonable. *Id.* at 829. While it may be inconvenient for RMS to litigate in Kentucky rather than Minnesota, there is no evidence that requiring it to do so

would be unjust or unreasonable. Since the factors weigh in favor of enforcing the clause and RMS has failed to meet its burden showing that the clause is unreasonable, it is enforceable.

In its Reply, RMS argues that the Distributor Agreement expired so the clause is inapplicable. This argument is without merit. The Distributor Agreement is the subject of the litigation and even if the term expired, they agreed that all disputes regarding the Agreement would be in this forum.

Since the forum selection clause is enforceable it means that RMS made itself subject to the personal jurisdiction of this Court. Therefore, by operation of § 1391, venue is proper. It remains for the Court to decide, then, whether this action should be transferred pursuant to 28 U.S.C. § 1404(a).

**2.      Motion to Transfer**

RMS asks the Court to transfer venue pursuant to 28 U.S.C. 1404(a).[1] RMS argues that the language of the clause is permissive, rather than mandatory, and thus does not specify that Kentucky must be the exclusive forum for this action. Link-Belt submits that the language of the clause is mandatory because it provides that "any action or suit *shall be brought*" in the designated forum. This clear language indicates the specified jurisdiction, including this Court, and is mandatory. *See General Elec. Co. v. G. Siempelkamp GmbH & Co.*, 29 F.3d 1095, 1099 (6th Cir. 1994). RMS cites *Flight Solutions, Inc. v. Club Air, Inc.*, 2010 WL 276094 *3 (M.D. Tenn. Jan. 14, 2010) in support of its argument that the clause is permissive. In that case, the clause provided that the designated courts "shall have jurisdiction" which the court found authorized jurisdiction in the forum but did

---

[1] In deciding a motion to transfer, the moving party must first demonstrate that the action might have been brought in the proposed forum. Neither party has presented evidence or submitted any argument that this action could not have been brought in Minnesota. Thus, the Court's analysis will focus on whether a transfer to the District of Minnesota is appropriate when considering the interest of justice and the convenience of the parties and witnesses.

not prohibit it elsewhere. Here, the clause requires that litigation be brought in the designated forum because it provides that all litigation "shall be brought" in the designated forum thereby making it mandatory.

While the Court agrees that the clause is mandatory, that finding does not prevent the Court from considering a motion to transfer. The Supreme Court has held that an agreement by the parties that a particular forum shall have "exclusive jurisdiction" over disputes is a "significant factor that figures central in the district court's calculus" under § 1404. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). It does not itself dispose of a motion to transfer under § 1404(a). *Id.* at 32.

Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." 28 U.S.C. 1404(a). "[I]n ruling on a motion to transfer under § 1404(a), a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public interest concerns, such as systemic integrity and fairness, which come under the rubric 'interests of justice.'" *Moore v. Rohm & Haas Co.*, 446 F.3d 643, 647 (6th Cir. 2006). The Court assesses the balance of convenience and the interest of justice by considering various case specific several factors, including: (1) the convenience of the parties; (2) the convenience of witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the locus of operative facts; (6) the relative means of the parties; (7) the cost of obtaining willing witnesses; (8) the forums' familiarity with the governing law; (9) the practical problems indicating where the case can be tried more expeditiously and inexpensively; and (10) the interests of justice. *See Kentucky Speedway, LLC v. Nat'l Assoc. Of Stock Car Racing,* Inc., 406 F. Supp. 2d 751 (E.D. Ky. 2005) and *Dayton*

*Power & Light Co. v. East Ky. Power Co.*, 497 F. Supp. 553, 555 (E.D. Ky. 1980). "A transfer which would simply shift the inconvenience from one side to another should not be granted." *Id.* The defendant must make a strong showing of inconvenience to warrant upsetting a plaintiff's choice of forum. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 505 (1947).

These factors do not weigh strongly in favor of transfer. It is unavoidable that one party will suffer the inconvenience of litigating in a foreign state; the evidence and witnesses necessary for the case are located in both forums; and there is no strong evidence that the case may be tried more expeditiously or inexpensively in either forum. RMS argues that its status as a small family-operated business with few resources versus Link-Belt, which is a larger company with more resources, weighs in favor of transfer to a more convenient forum. These facts may tilt in favor of RMS's request for transfer, but only slightly. Moreover, there has been no showing that any disparity in resources between the parties would affect the ability of either party to effectively litigate the matter. With regard to the interests of justice, the mandatory forum selection clause weighs heavily into the analysis and against transfer. The parties agreed to the forum and, as a sophisticated commercial party, RMS should expect that the mandatory forum selection clause would require litigation in Kentucky. Transfer pursuant to § 1404(a) is intended "to prevent the 'waste of time, energy and money,' and 'to protect litigants, witnesses, and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964 (quoting *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26-27 (1960)). There has been no showing that time, money and energy will be saved if the litigation is transferred to Minnesota; rather, transfer will, at most, merely shift the inconvenience from RMS and its witnesses to Link-Belt and its witnesses. Therefore, the Court will deny the motion to transfer.

Accordingly, **IT IS ORDERED** that the defendant's motion to dismiss or, in the alternative to transfer this action pursuant to 28 U.S.C. § 1404(a) [DE 12] is **DENIED**.

This July 12, 2010.

Signed By:
*Karl S. Forester* KSF
United States Senior Judge